UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-145-RJC

| | |
|---|---|
| PATRICIA ANN RICE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> CAROLYN W. COLVIN, ) <br> **Acting Commissioner of Social Security** ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Memorandum in Support, (Doc. No. 12); Defendant's Motion for Summary Judgment, (Doc. No. 13), and Memorandum in Support, (Doc. No. 14); Plaintiff's Supplemental Memorandum, (Doc. No. 20); and Defendant's Supplemental Memorandum, (Doc. No. 21). This matter is ripe for review.

Under sentence four of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). In light of the recent ruling in Mascio v. Colvin, 780 F.3d 632 (4th Cir. March 18, 2015), this Court reverses the Commissioner's decision and remands the case for a new hearing.

On remand, the Administrative Law Judge will be directed to conduct a new hearing and provide a new hearing decision consistent with Mascio, which requires a function-by-function analysis discussing the claimant's ability to perform those functions for a full workday.

In conducting the function-by-function analysis, the Administrative Law Judge must use "narrative discussion describing how the evidence supports each conclusion . . ." Mascio, 780 F.3d at 636 (citing SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). In concluding the claimant's functional limitations, the ALJ must provide an analysis that allows this Court to "review meaningfully those conclusions." Mascio, 780 F.3d at 637. In particular, the ALJ must discuss the claimant's ability to perform those functions for a full workday. Id.; see also SSR 96-8p, 61 Fed. Reg. 34,474, 34,475-76 (The ALJ's RFC determination must include an assessment of the claimant's "ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," which is defined to mean "8 hours a day, for 5 days a week").

Here, the ALJ did not provide a sufficient analysis of specific functions the claimant could still perform with her obesity and back problems. Instead, the ALJ merely concluded that those problems "would preclude the ambulation and exertion required in work above the light level of exertion" as well as limit her to frequent climbing of ladders and frequent stooping. There was no mention of claimant's ability to perform other relevant functions such as, but not limited to, walking, standing, sitting, crouching, kneeling, and crawling. See Carver v. Colvin, No. 1:13cv12, 2015 WL 4077466, at *10 (M.D.N.C. July 6, 2015) (Court remanded, in light of Mascio, after the ALJ neglected to assess relevant functional limitations on Plaintiff, such as the ability to walk or stand for a full workday, which may have precluded Plaintiff's ability to perform light work). The objective evidence in this case warranted a discussion of these other functions. Additionally, the ALJ made no mention of claimant's ability to perform those functions for a full workday.

Pursuant to the power of this Court to enter a judgment reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), this

Court hereby **REVERSES** the Commissioner's decision and **REMANDS** the case for a new hearing.

Signed: August 11, 2015

Robert J. Conrad, Jr.
United States District Judge